IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                              17-CR-126-EAW

LOREN GLEN WARNER,

                Defendant.

---

## AFFIDAVIT

STATE OF NEW YORK   )
COUNTY OF ERIE        )    SS:
CITY OF BUFFALO      )

      MARY C. BAUMGARTEN, being duly sworn, deposes and states:

      1.      I am an Assistant United States Attorney for the Western District of New York assigned to the prosecution of the above-referenced case. This affidavit is submitted in opposition to the third motion filed on behalf of defendant Loren Glen Warner for additional time in which to file motions in this action.

      2.      Warner, who has remained in New York State custody throughout the pendency of this case, was charged in a federal criminal complaint on March 29, 2017. A writ was issued, and Warner was produced for an initial appearance before this Court on March 31, 2017, and a Rule 48(b) date was set. Warner was returned to New York State custody.

3. The government provided voluntary discovery to the defense as it became available, including on April 14, 2017, April 18, 2017, April 21, 2017, May 19, 2017, June 5, 2017, and June 20, 2017.

4. A federal indictment was returned and filed on June 29, 2017. A writ was issued for Warner, who had remained in New York State custody, and he was arraigned on July 7, 2017. According to the Scheduling Order issued by this Court, the defense was to file any pretrial motions on or before October 11, 2017.

5. As part of voluntary discovery, the defense was given access to the contents of the defendant's electronic media, which contained child pornography images. I understand that the defense reviewed those materials in August or September, 2017.

6. On October 10, 2017, the defense moved for an adjournment of the motion deadline. The government did not oppose that request to conduct plea negotiations. As this Court is aware, the charges pending against Warner involve very serious charges arising from child exploitation conduct. While your undersigned does not intend to involve the Court in plea negotiations, which is prohibited under Fed. R. Crim. Proc. 11(c)(1)("The Court must not participate in [plea] discussions."), your undersigned has repeatedly stated that the pleas requested by the defense are non-standard, involve a plea to a substantially lower guidelines range and mandatory minimum term of imprisonment than those triggered if Warner is convicted of the charges, and the defense until very recently sought to reserve sentencing

arguments under *United States v. Booker*, 543 U.S. 220 (2005). While your undersigned conveyed the request for the non-standard plea, I advised that approval was far from certain.

7. The government provided additional discovery to the defense on December 12, 2017 (updated criminal history report) and December 14, 2017 (NYS certificate of conviction). Your undersigned advised on December 15, 2017 that plea documents were submitted consistent with the defense request. A second adjournment of the scheduling order was obtained on December 15, 2017.

8. On December 27, 2017, your undersigned emailed defense counsel that the plea had not been approved, and attempted to continue negotiations. No response was received, and I emailed defense counsel on January 5, 2018. No response was received, and I emailed defense counsel on January 16, 2018. Further plea discussions were had with defense counsel, and your undersigned was awaiting a response concerning those discussions.

9. On Friday, February 2, 2018, shortly before lunch, defense counsel contacted your undersigned to discuss the plea, and requested a specific non-standard written plea agreement. At that time, defense counsel advised that he intended to travel to visit his client on Tuesday, February 6, 2018 and that it would take several hours to drive to the correctional facility where his client was housed. I advised that I had other deadlines but would try to draft a plea agreement consistent with that new request that day, and submit it for approval. I advised however, that even if I could accomplish that with my conflicting deadlines, that I did not think the request would be reviewed prior to his travel. Defense counsel then asked

3

me to send him something to review with his client, even if it was not approved and was a draft. I declined to provide a draft plea agreement, precisely because I had just advised that I was not certain that the latest requested plea would be approved, and questioned whether a decision one way or the other would be received before the proposed travel.

10. Late Friday, February 2, 2018, I emailed defense counsel that I had submitted the plea for supervisory approval, reiterating that any approved plea would include an additional enhancement. Defense counsel responded later that evening advising that the defense would not agree to the additional enhancement.

11. On Monday, February 5, 2018 in the morning, your undersigned emailed defense counsel that the defense position concerning the enhancement would be conveyed in the plea approval process. I advised that I did not expect to be in a position to provide an answer or forward an approved plea agreement prior to his travel the next day.

12. On February 12, 2018, your undersigned telephoned defense counsel and advised that the non-standard plea was not approved. I was unable to discuss plea parameters that might be approved with defense counsel or to advise that based on recent developments in the Second Circuit concerning the exclusion of time under the Speedy Trial Act, particularly when a defendant is in custody, that the government would be unable to agree to a third adjournment of the motion deadline. In order to prevent defense counsel from being surprised, I sent an email to advise that the government would not be in a position to agree to

an adjournment, and offered to discuss plea parameters in the future. Defense counsel advised on February 12, 2018 via email that no additional time was needed.

13. Late in the day on February 14, 2018, defense counsel proposed another plea, which was forwarded to my supervisor. I advised defense counsel that motions should be filed, that I did not expect an answer to be forthcoming before the deadline, and that an adjournment would be opposed. Your undersigned was in Rochester for work-related matters yesterday, and when the adjournment motion was filed. Defense counsel sent my supervisor an email at approximately 4:30 p.m. yesterday requesting to speak concerning plea negotiations, and the motion to adjourn was filed at approximately 5:15 p.m.

14. No approved plea agreement has been provided to the defense because the non-standard pleas requested by the defense were not approved. Your undersigned has never stated that the non-standard plea proposals were going to be approved. The parties appear unable to reach a consensus concerning a plea, and thus it appears that motion practice is necessary. According, based on the procedural history of this case, the adjournment requests that have been granted, the breakdown of plea negotiations, and the requirements of the Speedy Trial Act, as most recently applied in *United States v. Tigano*, 880 F.3d 602 (2d Cir. 2018), the government objects to defense motion for additional time in which to file motions.

15. Based on the foregoing, it is respectfully requested that the parties be sent to the District Court to set a date for trial in this action.

s/ MARY C. BAUMGARTEN  
Assistant United States Attorney  
United States Attorney's Office  
Western District of New York  
138 Delaware Avenue  
Buffalo, New York 14202  
716-843-5864  
Mary.Catherine.Baumgarten@usdoj.gov

Subscribed and sworn to before me

this 16th day of February, 2018

s/ JENNIFER L. ATKINS  
COMMISSIONER OF DEEDS  
In and for the City of Buffalo, New York.  
My Commission Expires Dec. 31, 2018.