IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES DISTRICT COURT
FILED
JUN 0 7 2018
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

UNITED STATES OF AMERICA,

        v.                                17-CR-126-EAW

LOREN GLEN WARNER,

            Defendant.

## PLEA AGREEMENT

The defendant, LOREN GLEN WARNER, and the United States Attorney for the Western District of New York (hereinafter "the government"), hereby enter into a plea agreement with the terms and conditions as set out below.

## I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Count 1 of the Indictment which charges a violation of Title 18, United States Code, Sections 2251(a) and 2251(e) (production of child pornography), for which the mandatory minimum term of imprisonment is 15 years and the maximum possible sentence is a term of imprisonment of 30 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least five (5) years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for the offense of conviction pursuant to Title 18, United States Code, Section 3014.

3.    The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the compensable losses of the victims as determined by the Court. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

4.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than one (1) year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than five (5) years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

5.     The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by imprisonment, a fine, or both.

6.     The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II.    ELEMENTS AND FACTUAL BASIS

7.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

    a.      the defendant did employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purposed of producing a visual depiction of such sexually explicit conduct;

    b.      such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and that such visual depiction would be transported and transmitted in and affecting interstate and foreign commerce, and that such visual depiction was produced and transmitted using materials that had been mailed, shipped or transported in and affecting interstate and foreign commerce, by any means, including by computer; and

    c.      the defendant acted knowingly and willfully.


## FACTUAL BASIS

8.      The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

    a.      On or about January 20, 2017, defendant Loren Glen Warner, while residing in the Western District of New York, did knowingly, willfully and unlawfully use, persuade, induce, entice and coerce a minor that is Minor Victim 1, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. The visual depictions were produced in the Western District of New York and sent to the defendant via Facebook Messenger, which is a social networking service connected to the internet.

    b.      Specifically, in early January, 2017, the defendant met Minor Victim 1 at a Mormon Church in the Western District of New York, and began communicating with her. During the communications, Minor Victim 1

told the defendant that she was 14 years old. The defendant began making sexual statements to Minor victim 1 via Facebook Messenger and Snapchat, and sent the Minor Victim 1 a nude photograph of himself, including his penis, via Facebook Messenger. The defendant asked Minor Victim 1 to send nude photographs of herself, including of her genitalia, and she sent images constituting child pornography to the defendant via Facebook Messenger.

c. On January 24, 2017, the defendant was arrested by the New York State Police (NYSP), and charged with Rape in the Second Degree (Penal Law § 130.30 (1)), Criminal Sex Act in the Second Degree (Penal Law § 130.45 (1)), and Disseminating Indecent Material to a Minor in the First Degree (Penal Law § 235.22). At his arrest, the NYSP seized the defendant's white, Samsung Galaxy S3 cellular telephone. The NYSP obtained a New York State search warrant to search that cell phone, and thereafter, forensic analysis revealed multiple images of Minor Victim 1, including an image, dated January 20, 2017, of her breasts and genitalia.

d. In January, 2017, the defendant had been staying at the home of a member of a Baptist congregation in Cattaraugus County. The NYSP interviewed that witness, who asked the NYSP to remove the defendant's property, including a cell phone and laptop, from his home. The NYSP transferred some of the defendant's property to federal agents, who obtained a federal search warrant for the defendant's property, including another cell phone and laptop computer. Thereafter, forensic examination found 15 images constituting child pornography on the defendant's cell phone, including the child pornography image of Minor Victim 1, and approximately 35 images and 2 videos constituting child pornography on the defendant's laptop.

e. On March 23, 2017, in Cattaraugus County Court, in the State of New York, the defendant was convicted of Rape in the Second Degree, in violation of Penal Law § 130.30(1), a class D felony, and endangering the welfare of a child, in violation of Penal Law § 260.10, a class A misdemeanor. On July 24, 2017, the defendant was sentenced to 7 years' in prison, and 10 years' post-release supervision.

f. During the investigation, federal law enforcement identified another victim (Minor Victim 2), who is depicted in some of the child pornography images and videos found during the forensic examination of the defendant's laptop. As part of the relevant conduct of the offense of conviction, the defendant agrees that he met Minor Victim 2 at a Mormon church in Fresno, California when she was approximately 13 years old. Over several years, the defendant requested and received child pornography images and masturbation videos from Minor Victim 2.

## III.    SENTENCING GUIDELINES

9.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

10.    The government and the defendant agree that Guidelines § 2G2.1(a) applies to the offense of conviction and provides for a base offense level of 32.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

11.    The government and the defendant agree that the following specific offense characteristics apply:

a.    the two (2) level increase pursuant to Guidelines § 2G2.1(b)(1)(B) [the offense involved a minor who had not attained the age of 16 years];

b.    the two (2) level increase pursuant to Guidelines § 2G2.1(b)(2)(A) [the offense involved the commission of a sex act]; and

c.    the two (2) level increase pursuant to Guidelines § 2G2.1(b)(6)(B)(i) [the use of a computer or interactive computer service to persuade, induce, and solicit participation by a minor to engage in sexually explicit conduct, and involved the use of a computer to solicit participation with a minor in sexually explicit conduct].

## U.S.S.G. CHAPTER 4 ADJUSTMENT

12.    The government maintains that the following adjustment to the defendant's offense level does apply:

a.     The five (5) level increase pursuant to Guideline § 4B1.5(b)(1) [the defendant's instant offense is a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct].

The defendant specifically reserves the right at the time of sentencing to argue to the Court that this increase does not apply.

## ADJUSTED OFFENSE LEVEL

13.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 43 or 38.

## ACCEPTANCE OF RESPONSIBILITY

14.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 40 or 35.

## CRIMINAL HISTORY CATEGORY

15.     It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the

defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

16.     (a)     It is the understanding of the government and the defendant that, if the Court determines that Guideline § 4B1.5(b)(1) does apply, with a total offense level of 40 and criminal history category of I, and taking into account the applicable statutory minimum and maximum penalties, the defendant's sentencing range would be a term of imprisonment of 292 to 360 months, a fine of $50,000 to $250,000, and a period of supervised release of 5 years to life.

(b)     It is the understanding of the government and the defendant that, if the Court determines that Guideline § 4B1.5(b)(1) does not apply, with a total offense level of 35 and criminal history category of I, and taking into account the applicable statutory minimum and maximum penalties, the defendant's sentencing range would be a term of imprisonment of 180 to 210 months, a fine of $40,000 to $250,000, and a period of supervised release of 5 years to life.

(c)     Notwithstanding the above, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

17.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range as limited by the statutory minimum and maximum terms of imprisonment. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

18.     The government and defendant agree that, as the defendant is presently serving an undischarged term of imprisonment, and that the conduct underlying that offense is accounted for as relevant conduct to the instant offense, pursuant to U.S.S.G. §§ 5G1.3(b)(1) and 5G1.3(b)(2), the sentence for the instant offense is recommended to be adjusted for any period of imprisonment already served on the undischarged term of imprisonment if the Court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons, and is recommended to be imposed concurrently to the remainder of the undischarged term of imprisonment. The defendant understands, however, that the Court is not bound to adjust the defendant's federal sentence or sentence the defendant concurrently with the undischarged term of imprisonment.

19.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court or because of the imposition of the sentence of imprisonment concurrently, partially concurrently, consecutively, or partially consecutively with the undischarged term of imprisonment being served by the defendant.

# IV. STATUTE OF LIMITATIONS

20.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six (6) months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

# V. GOVERNMENT RIGHTS AND RESERVATIONS

21.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.  oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

22.  At sentencing, the government will move to dismiss the open counts of the Indictment pending against the defendant.

23.  The government agrees that the defendant will not be prosecuted by the Office of the United States Attorney for the Eastern District of California for the enticement of a minor, and/or the production, receipt, or possession of child pornography involving Minor Victim 2, referenced above.

24.  The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.  APPEAL RIGHTS

25.  The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court, which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16(a), above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

26.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

27.     The government waives its right to appeal any component of a sentence imposed by the Court, which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16(b), above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

28.     The government and the defendant agree not to appeal the imposition of the sentence of imprisonment concurrently, partially concurrently, consecutively or partially consecutively with the undischarged sentence of imprisonment being served by the defendant.

## VII.     COMPUTER FORFEITURE

29.     The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct, the defendant utilized computer equipment and other electronic media, which were seized by law enforcement officials during the criminal investigation, including but not limited to, the following:

  a.     one (1) blue and white Samsung Galaxy S3 cellphone, FCC ID A3LSCH1535; and

b.  one (1) silver, Hewlett Packard Pavilion laptop, Serial No. CNF1322FFX.

30.  Because the property was an instrumentality of the crime, the defendant specifically agrees to the forfeiture or abandonment of the property, and all components and related media, to the United States pursuant to 18 U.S.C. §§ 2253(a)(1) and (a)(3), and the defendant waives any right or interest in the property which the defendant may still possess or for which the defendant may have any claim .

31.  After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a <u>Preliminary Order of Forfeiture</u> for the items listed above. The defendant hereby waives any right to notice of such <u>Preliminary Order of Forfeiture</u>. The defendant further consents and agrees that the <u>Preliminary Order of Forfeiture</u> and a <u>Final Order of Forfeiture</u> shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in 18 U.S.C. § 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine,

restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

32. The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

33. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

34. The defendant agrees that forfeiture of the aforementioned properties as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

35.     The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets as provided in this agreement.


## VIII.   **TOTAL AGREEMENT AND AFFIRMATIONS**

36.     This plea agreement represents the total agreement between the defendant, LOREN GLEN WARNER, and the government.   There are no promises made by anyone other than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:    _____
AARON J. MANGO
Assistant United States Attorney

Dated: June __7__, 2018

I have read this agreement, which consists of 16 pages. I have had a full opportunity to discuss this agreement with my attorney, Jeffrey T. Bagley, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

LOREN GLEN WARNER
Defendant

Dated: June 2, 2018

JEFFREY T. BAGLEY, ESQ.
Attorney for the Defendant

Dated: June 7, 2018