IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

  -v-　　　　　　　　　　　　　　　　　　　　　　　　　　　17-CR-126-EAW

LOREN GLEN WARNER,

                Defendant.
_____

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S SENTENCING MEMORANDUM

**THE UNITED STATES OF AMERICA**, by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, respectfully files this response to the defendant's sentencing memorandum.

### PRELIMINARY STATEMENT

On June 7, 2018, the defendant appeared before this Court and pled guilty to a Count 1 of the Indictment charging production of child pornography in violation of Title 18, United States Code, Section 2251(a).  The Presentence Report ("PSR"), consistent with the government's position in the plea agreement, applied a 5 level enhancement pursuant to U.S.S.G. §4B1.5(b)(1), which resulted in a total offense level of 40 and criminal history category of I, and a corresponding guideline range of 292-360 months imprisonment.  The plea agreement executed by the parties allowed the defendant to request a non-guideline sentence.  On February 5, 2019, the defendant filed a sealed sentencing memorandum

requesting an unspecified non-guidelines sentence. This memorandum is submitted in opposition to defendant's sealed request for a non-guideline sentence and in support of the government's contention that this Court should impose a guideline sentence of imprisonment.

## Statement of Facts

The government concurs with and relies on the statement of facts outlined in the PSR at paragraphs 14 through 26.

## DISCUSSION

### I. THERE IS NO VALID BASIS FOR THIS COURT TO PERMANENTLY SEAL THE DEFENDANT'S SENTENCING MEMORANDUM

The defendant moved to seal his sentencing memorandum on the basis that it contained "confidential information." Although the Court has since granted the defendant's motion to seal, *see* Dkt. #73, the government is opposed to such sealing and moves this Court to reconsider it prior Order. Local Rule of Criminal Procedure 55(a) provides that "[e]xcept where restrictions are imposed by statute or rule, there is a presumption that Court documents are accessible to the public and that a substantial showing is necessary to restrict access." Local Rule 55(a), available at https://www.nywd.uscourts.gov/sites/nywd/files/Local%20Rules%20of%20Criminal%20Procedure%20%28Effective%201-2017%29.pdf, last accessed February 13, 2019. The defendant's motion sets forth no legal basis justifying the permanent sealing of his sentencing memorandum.

The defendant's motion also runs counter to the public's right of access to criminal proceedings. The First Amendment provides the public and press a qualified right to attend all portions of a criminal proceeding; from *voir dire* to sentencing. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980); *United States v. Alcantara*, 396 F.3d 189, 194-96 (2d Cir. 2005). On several occasions, the Supreme Court has discussed the public's right of access to criminal trials, and has identified that this right flows from the major underlying purpose of the First Amendment of protecting "free discussion of governmental affairs." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604 (1982) (*quoting Mills v. Alabama*, 384 U.S. 214, 218 (1966)). In *Globe Newspaper Co.*, the Court highlighted that

> criminal trials plays a particularly significant role in the functioning of the judicial process and the government as a whole. Public scrutiny of a criminal trial enhances the quality and safeguards the integrity of the factfinding process, with benefits to both the defendant and to society as a whole. Moreover, public access to the criminal trial fosters an appearance of fairness, thereby heightening public respect for the judicial process. And in the broadest terms, public access to criminal trials permits the public to participate in and serve as a check upon the judicial process-an essential component in our structure of self-government. In sum, the institutional value of the open criminal trial is recognized in both logic and experience.

*Globe Newspaper Co. v. Superior Court*, 457 U.S. at 606 (footnotes omitted).

Two years later, the Supreme Court expanded on this discussion, and noted

> [t]he open trial thus plays as important a role in the administration of justice today as it did for centuries before our separation from England. The value of openness lies in the fact that people not actually attending trials can have confidence that standards of fairness are being observed; the sure knowledge that anyone is free to attend gives assurance that established procedures are being followed and that deviations will become known. Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system.

*Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 508 (1984) ("*Press-Enterprise I*"). Identifying that some criminal acts "provoke public concern, even outrage and hostility;" the Supreme Court recognized that

> [w]hen the public is aware that the law is being enforced and the criminal justice system is functioning, an outlet is provided for these understandable reactions and emotions. Proceedings held in secret would deny this outlet and frustrate the broad public interest; by contrast, public proceedings vindicate the concerns of the victims and the community in knowing that offenders are being brought to account for their criminal conduct by jurors fairly and openly selected.

*Id.* at 509. The circumstances warranting a closure of criminal proceeding is "rare," and can only occur with "cause shown that outweighs the value of openness." *Id. See also Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13-14 (1986) ("*Press-Enterprise II*") (stating that "proceedings cannot be closed unless specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'") (*quoting Press-Enterprise I*, 464 U.S. at 510).

"Because the right of access to criminal proceedings is not absolute, it 'may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting disclosure of sensitive information.'" *United States v. Doe*, 63 F.3d 121, 127 (2d Cir. 1995) (*quoting Waller v. Georgia*, 467 U.S. 39, 45 (1984)). To overcome the presumption of openness and close a portion of a criminal proceeding, a District Court must find

> that the following four criteria have been met: (1) the party seeking to close the [proceeding] must advance an overriding interest that is likely to be prejudiced; (2) the closure must be no broader than necessary to protect that interest; (3) the trial court must consider reasonable alternatives to closing the proceeding; and (4) the trial court must make findings adequate to support the closure.

4

*United States v. Gomez*, 705 F.3d 68, 74 (2d Cir. 2013) (internal quotation marks omitted) (*quoting Waller v. Georgia*, 467 U.S. at 48)).

In the present case, the defendant has failed to establish an interest that overrides the right of the public and the press to completely open criminal proceedings. The interest the defendant seeks to protect through the instant motion is that certain information contained in the defendant's sentencing memorandum is "confidential." However, if the defendant is relying on the information contained in his sentencing memorandum to justify a non-guidelines sentence, the public has a right to know what that information is. The information underlying the defendant's sentencing request should not be permanently shielded from the public on a simple claim it is "confidential." To allow such permanent sealing would reject the teachings of the Supreme Court regarding the openness of criminal proceedings and ignore Local Rule 55(a). Therefore, the government is opposed to the defendant's request to seal, and moves the Court to publically docket the defendant's sentencing memorandum.

II. **BASED ON THE FACTORS SET FORTH IN SECTION 3553, THIS COURT SHOULD CONCLUDE THAT A GUIDELINE SENTENCE OF IMPRISONMENT PROVIDES THE PROPER PUNISHMENT FOR THE OFFENSE OF CONVICTION**

The United States recognizes that since *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are advisory rather than statutorily mandated. However, when imposing a sentence, the Court is required to consider the guidelines, but must fashion a sentence that is consistent with the factors detailed in 18 U.S.C. § 3553(a). As noted by the Supreme Court, the guidelines have a "real and pervasive effect … on sentencing" and therefore, "are not only the starting point for most federal sentencing proceedings but also the

5

lodestar." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016).  The United States contends that a sentence within the advisory guideline range is reasonable and appropriate in light of the factors set forth in 18 U.S.C. § 3553(a).

Under Section 3553(a), the sentence imposed must reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public.  *See United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006) ("In calibrating our review for reasonableness, we will continue to seek guidance from the considered judgment of the Sentencing Commission as expressed in the Sentencing Guidelines and authorized by Congress …. It bears noting that the Sentencing Commission is an expert agency whose statutory charge mirrors the § 3553(a) factors that the district courts are required to consider.").  The sentencing court must also consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  A court that imposes a sentence outside the applicable advisory guidelines range must do so on notice to the parties and must state "with specificity" both at sentencing and in the written judgment and commitment order its reasons for doing so.  18 U.S.C. § 3553(c).

Based on the § 3553(a) factors, as set forth below, the government respectfully submits that a guideline sentence of imprisonment is warranted.

### A. The Nature and Circumstances of the Offense Warrant a Substantial Sentence of Imprisonment

As set forth in the factual basis of the plea agreement and the PSR, over a relatively short period, the defendant groomed and sexually exploited a 14-year-old minor female, listed as Victim 1 in the plea agreement.  The defendant's conduct culminated with him engaging in unprotected sexual intercourse with Victim 1 in his car, on January 23, 2017, which was one day prior to Victim 1's 15th birthdate.  During the sexual intercourse, the defendant ejaculated inside of Victim 1, digitally penetrated and performed oral sex on Victim 1, and then retained Victim 1's bra and underwear as if they were trophies he had obtained.  Most troubling to the government is that the defendant engaged in his sexual exploitation of Victim 1 with alacrity because as he stated to her during the following Facebook communications, he apparently had not yet had sex with a 14-year-old and desperately wanted to do so:

> I need to fuck you now. Let's make it happen … But I need to fuck you this week … You'd be the youngest … It's a must"I need my dick suckec and fucked especially since you're birthday is around the corner! *I want to cross your age off the bucket list;).*

PSR, ¶¶ 17-18 (emphasis added).  From the beginning of the communications, the defendant knew that he was engaging in illegal conduct and explicitly told Victim 1 that they needed to be careful when they were together in church.  The manner in which the defendant met Victim 1, through a church he joined when he moved to the area, also indicates to the government a predation component to the defendant's conduct, whereby he simply used the church setting to meet an impressionable, and exploitable, young female.

7

Therefore, based on the nature and circumstances of the present offense, including the rapid targeting of an underage female to engage in sexually exploitive conduct, the government respectfully suggests that a guideline sentence of imprisonment is appropriate.

**B.    The History and Characteristics of the Defendant Warrant a Guideline Term of Incarceration**

The history and characteristics of the defendant clearly distinguish this case from most other production of child pornography cases.  Here, prior to engaging in the sexual exploitation of Victim 1, the defendant engaged in nearly identical conduct with a minor female from Fresno, California, listed as Victim 2 in the plea agreement.  Indeed, the defendant met Victim 2 in a church setting, at which time she was 13-years-old.  The sexual activity between the defendant and Victim 2 began with oral sex, but, when Victim 2 was 15-years-old, they began having sexual intercourse.  Incredibly, after the defendant had sex with Victim 1 in January 2017, the defendant called Victim 2 and told her "you are not the youngest anymore."  In addition, sensing that criminal charges would be forthcoming, the defendant called Victim 2 to warn her that investigators would likely be coming to speak with her.

Therefore, it is clear to the government that the defendant is an aggressive sexual predator who targets early-teenage females.  In a relatively short period, the defendant has already sexually exploited and permanently altered at least two victims' lives, and the government believes that if given the chance to do so again, the defendant would sexually exploit additional minor females.  As such, the history and characteristics of this defendant warrant a guideline term of incarceration.

## CONCLUSION

For the foregoing reasons, the defendant should be sentenced to a guideline term of incarceration.

DATED: Buffalo, New York, February 14, 2019.

JAMES P. KENNEDY, JR.
United States Attorney

BY: ***S/ AARON J. MANGO***
_____
AARON J. MANGO
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5882
aaron.mango@usdoj.gov